HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JO ANN CURRIE,

       Plaintiff,

    v.

MITSUBISHI CHEMICAL HOLDINGS AMERICA, INC.,

       Defendant.

CASE NO. C17-1253 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss and Motion for Entry of a Vexatious Litigant Order. Dkt. # 14. Plaintiff opposes the Motion. Dkt. # 17. For the reasons set forth below, the Court **GRANTS in part and DENIES in part** Defendant's Motion. Dkt. # 14.

## II. BACKGROUND

The following is taken from Plaintiff's Complaint, which is assumed to be true for the purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The Court also takes judicial notice of the court records submitted by Defendant

ORDER – 1

in support of its Motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); see also *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir. 2002).

This is the seventh complaint filed by *pro se* Plaintiff Jo Ann Currie regarding injuries she allegedly sustained while visiting two plasma centers in Everett, Washington. Plaintiff's first six complaints were filed against Alpha Therapeutics Corporation ("Alpha"). Two of the six complaints were filed in this District. Dkt. # 15 Exs. 21, 28. All six of Plaintiff's complaints were dismissed. Dkt. # 15. In one of the cases filed in this District, the Court granted Alpha's motion for a vexatious litigant order against Plaintiff. Dkt. # 15 Ex. 27. On August 4, 2017, Plaintiff filed this Complaint, her seventh, against Defendant Mitsubishi Chemical Holdings America, Inc. Dkt. # 1.

Defendant is a wholly-owned subsidiary of Mitsubishi Chemical Holdings Corporation. Dkt. # 12. Mitsubishi Chemical Holdings Corporation also owns approximately 56.34% of Mitsubishi Tanabe Pharma Corporation. *Id*. Mitsubishi Tanabe Pharma Corporation owns Welfide International Corporation. Welfide International Corporation owns Alpha. *Id*.

Plaintiff's Complaint contains very few factual allegations. Plaintiff alleges that she "sustained physical injuries both to body and mind" as a result of Defendant's conduct as described in the Complaint and "appeals brief 74007-5". Dkt. # 1. The Court will assume that this refers to the brief Plaintiff filed in the Court of Appeals of the State of Washington, Cause No. 74007-5-I. Dkt. # 5 Ex. 32. The brief also contains very little description of the events that led Plaintiff to file this lawsuit. Plaintiff's Response to Defendant's Motion alleges that Plaintiff was injured at a plasma center operated by

ORDER – 2

Alpha. She also alleges that her right to privacy was violated when Alpha allowed another employee on to the floor without warning. Plaintiff then returned to the center in 1997, said nothing and left. In 1999, Plaintiff went to another plasma center that was not operated by Alpha. A nurse asked Plaintiff a personal question, so Plaintiff left. Plaintiff then went to another plasma center and was assaulted. Dkt. # 17 at 2-3. Plaintiff alleges that this conduct constituted negligence, violation of the HIPAA Act, and a violation of Defendant's duty to provide reasonable care. Dkt. # 1. Plaintiff states that she is bringing this case against Defendant because she was told that Alpha does not exist anymore. *Id*.

## III. DISCUSSION

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

Plaintiff's Complaint contains almost no factual allegations regarding Defendant. Plaintiff alleges only that she called Defendant and sent them documents because she found out that Alpha was no longer in business. If not for Defendant's corporate disclosure statement and the facts alleged in Defendant's Motion, the Court would have

ORDER – 3

no basis from which to make the connection between Defendant and the alleged actions in the Complaint. The only connection between Defendant and Alpha is that they are both subsidiaries of the same corporation: Mitsubishi Chemical Holdings Corporation. Plaintiff refers to Defendant as "Defendant" and attributes several actions to the "Defendant" but makes no factual allegations showing that this particular Defendant engaged in, or was responsible for, any of the conduct that gave rise to Plaintiff's claims. Plaintiff does not allege that Defendant operates any of the plasma centers mentioned in her Complaint, nor does she allege a connection between Alpha and Defendant such that Defendant would be responsible for Alpha's actions. Even taking Plaintiff's allegations as true and construing them liberally, the Complaint does not state a claim for relief that is plausible on its face[1]. Therefore, Defendant's Motion to Dismiss is **GRANTED.**

Defendant also requests that the Court enter an additional vexatious litigant order against Plaintiff. A district court must consider the following factors when considering whether to enter a vexatious litigant order: (1) whether the litigant has received notice and an opportunity to be heard; (2) whether there is an adequate record for review; (3) whether the litigant's actions are frivolous or harassing; and (4) the order must be narrowly tailored to prevent the litigant's abusive behavior. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007). Here, Plaintiff received notice and an opportunity to be heard with respect to Defendant's Motion. *See id.* at 1058-59. While

---

[1] Defendant also argues that Plaintiff's Complaint should be dismissed pursuant to the 2012 vexatious litigant order issued by another court in this District. Dkt. # 15 Ex. 27. The Court disagrees. The 2012 Order very specifically prohibits Plaintiff from filing any additional pleadings or other filings against Alpha. Defendant cannot argue that they are completely different entities in service of one argument and then argue that they are one and the same in service of another argument.

ORDER – 4

she does not provide any substantive argument in response to Defendant's request for entry of a vexatious litigant order, merely remarking that this is "not a frivolous case", she had an opportunity to respond and did so. Dkt. # 17. There is also an adequate record for review. While the Court will not list every case filed by Plaintiff, a thorough summary of Plaintiff's many complaints and the disposition of those complaints is set out in the 2012 Order (Dkt. # 27), and Defendant has submitted extensive documentary evidence of Plaintiff's prior litigation and court filings. Dkt. # 15.

The Court also finds that Plaintiff's claims are frivolous and without merit. Plaintiff has filed the same claims based on the same allegations at least seven times. Six of those cases were dismissed with prejudice. In addition to the 2012 vexatious litigant order, Plaintiff has been barred from filing any additional pleadings against Alpha in both King County Superior Court and Snohomish County Superior Court. Dkt. # 15 Exs. 9, 16. All of these claims, including this one, arise from the same general set of operative facts. In fact, Plaintiff refers to her other cases in her Complaint as a reference for details regarding her claim. While Plaintiff brings this particular claim against Defendant and not Alpha, she makes it clear in her Complaint that she only brought this claim against Defendant because she was told that Alpha was no longer in business. Plaintiff appears to consider Alpha and Defendant as the same entity. Plaintiff also shows absolute disregard for the ruling in the 2012 Order, attempting to "start over" by filing another claim against Alpha, by filing this claim against Defendant. Dkt. # 1 at 3.

A vexatious litigant order must be narrowly tailored to the vexatious litigant's wrongful behavior. *Molski*, 500 F.3d at 1061. The Ninth Circuit has found that an order

ORDER – 5

that does not deny a plaintiff from filing any complaints, but subjects a plaintiff's complaints to an initial screening review by a district judge is appropriately narrow. *Id*. Therefore, the Court **GRANTS** Defendant's motion for entry of a vexatious litigant order, but limits the order to any additional pleadings or other filings by Plaintiff against Alpha, Defendant, or any of Alpha or Defendant's corporate affiliates, arising out of the same transactions or set of operative facts described in her Complaint or the other lawsuits referenced by Defendant in their Motion.

Defendant also requests attorneys' fees from Plaintiff pursuant to 28 U.S.C. § 1927. Under 29 U.S.C. § 1927, any litigant who "multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay excess costs, expenses and attorneys' fees incurred as a result of that conduct. 28 U.S.C. § 1927. "Sanctions pursuant to section 1927 must be supported by a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). While sanctions would act as a deterrent against future attempts by Plaintiff to bring this lawsuit again, the Court finds that there is insufficient evidence to support a finding of bad faith. As such, Defendant's request for attorneys' fees is **DENIED.**

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss and **GRANTS** Defendant's Motion for a Vexatious Litigant Order. Dkt. # 14. Defendant's Motion for Attorneys' Fees is **DENIED.** Dkt. # 14. The Court further **ORDERS** that Plaintiff shall not file any further complaints or other pleadings against Defendant, Alpha, or any of Alpha or Defendant's corporate affiliates, that arise out of

ORDER – 6

the same set of operative facts or transactions contained in any of Plaintiff's complaints referenced in Defendant's Motion.  **The Court DIRECTS that the Clerk of this Court not accept for filing any further complaints by Plaintiff against Defendant, Alpha, or any of Alpha or Defendant's corporate affiliates, until any such complaint has been reviewed by a Judge of this Court for compliance with this Order.**

DATED this 23rd day of July, 2018.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7